IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ISAIAH RODDY,

    Plaintiff,

v.                                                                             No. CV 10-0527 WJ/LAM

EARNEST SUAREZ, ASHLEY C. HEFFRON,
ADAM R. BARELA, and the RAYMOND G.
MURPHY VETERAN'S POLICE DEPARTMENT,
SGT. RICHARD LARSON, and CAPTAIN MCMURRAY,

    Defendants.

MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), to review Plaintiff's complaint. Plaintiff is incarcerated, appears pro se, and has moved for leave to proceed in forma pauperis ("IFP"). The filing fee for this civil rights complaint is $350.00. Plaintiff is required to pay the full amount of the filing fee pursuant to § 1915(b)(1). Based on the information about Plaintiff's financial status, the Court finds that Plaintiff is unable to make an initial partial payment pursuant to § 1915(b)(1). The IFP motion will be granted, and for the reasons below, Plaintiff's complaint will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma,*

*Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)).  A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations.  *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint asserts claims against a number of employees of the Raymond G. Murphy Veteran's Recreation Hall and Raymond G. Murphy Veteran's Police Department.  Plaintiff was involved in a verbal confrontation with staff at the VA recreation building.  The incident concluded with Plaintiff's arrest, primarily because he was carrying a knife, on a charge of aggravated assault with a deadly weapon.  Plaintiff alleges that certain Defendants were coerced to give false information in order to justify his arrest.  He also alleges that the police officers' conduct in coercing statements from witnesses amounted to racial discrimination.  In his third claim, he alleges that some of the false statements were given willingly.  Plaintiff contends that Defendants' actions constituted false arrest and false imprisonment, in violation of his constitutional protections.  The complaint seeks damages.

No relief is available on Plaintiff's claims.  On the claim of false arrest, "the focal point of our analysis is the probable cause supporting plaintiff's arrest, which rested on the complaining witnesses' statements indicating that plaintiff had used his [weapon] as a threat." *Grubbs v. Bailes*, 445 F.3d 1275, 1278 (10th Cir. 2006).  As in *Grubbs*, Plaintiff's "insistence [on a] contrary version of events . . . is not sufficient to vitiate probable cause." *Id*.  After his arrest Plaintiff was bound over for trial and pleaded guilty to alternative charges, *see United States v. Roddy*, No. CR 10-1110 JC, and thus probable cause for his arrest is a settled matter.  *See King v. Goldsmith*, 897 F.2d 885, 886 (7th Cir. 1990) ("conviction bars a suit for false arrest"); *and cf. Romero v. Fay*, 45 F.3d 1472,

1478 (10th Cir. 1995).  The Court will dismiss Plaintiff's claim of false arrest.

Nor is relief available on Plaintiff's claim of false imprisonment.  "[Plaintiff]'s § 1983 complaint [for false imprisonment] cannot succeed on its merits because there has been no termination of the challenged criminal proceedings in [Plaintiff]'s favor." *Garey, Jr. v. Romero*, No. 09-2218, 2010 WL 175938, at *2 (10th Cir. Jan. 20, 2010) (citations omitted).  As noted above, Plaintiff pleaded guilty to the charge in the information filed against him, and he is awaiting sentencing in the criminal proceeding that began with his arrest.  (No. CR 10-1110 JC, Doc. 5.) Even though the government has agreed to dismiss the original assault charge, (No. CR 10-1110 JC, Doc. 4 at 7), "abandonment of the proceedings is ordinarily insufficient to constitute a favorable termination if 'the prosecution [is] abandoned pursuant to an agreement of compromise with the accused.' " *Wilkins v. DeReyes*, 528 F.3d 790, 802-03 (10th Cir. 2008) (quoting Restatement (Second) of Torts § 660 (1977)).  Plaintiff's claim of false imprisonment is precluded by his compromise plea agreement on the record in the criminal case, and the Court will dismiss this claim.

IT IS THEREFORE ORDERED that Plaintiff's motion for leave to proceed pursuant to 28 U.S.C. § 1915 (Doc. 2) is GRANTED, and the initial partial payment is WAIVED;

IT IS FURTHER ORDERED that Plaintiff's claim of false imprisonment is DISMISSED without prejudice, otherwise the complaint is DISMISSED with prejudice, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE